UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:22-cv-50-CRS

CHRISTIANA AND JASON HOBBS,                                    PLAINTIFFS
PARENTS AND NEXT OF FRIENDS TO E.H.
AND N.H., MINOR CHILDREN

vs.

CVS PHARMACY, INC

CVS HEALTH SOLUTIONS LLC

KENTUCKY CVS PHARMACY, L.L.C.                                  DEFENDANTS


## FIRST AMENDED COMPLAINT

Plaintiff, Christiana and Jason Hobbs, Parents and Next of Friend to E.H. and N.H. MINOR

CHILDREN, by counsel and for their Complaint against the Defendants CVS PHARMACY, INC.,

CVS HEALTH SOLUTIONS LLC, and KENTUCKY CVS PHARMACY, L.L.C. (hereinafter

collectively referred to as "CVS"), state as follows:

## INTRODUCTION

1.      This is a medical malpractice and general negligence action that relates to the

medical care provided by Defendants, including but not limited to, the administering of

vaccinations to minors E.H. and N.H.

2.      The Defendants wrongfully injected and administered Pfizer COVID-19 vaccines

into the minor children, E.H. and N.H. instead of the flu shots they presented at CVS to receive.

3.      The dosage of the Pfizer COVID-19 vaccines wrongfully injected into E.H. and

N.H. were in amounts appropriate only for adults.

4.      At the time of the wrongful injections of the Pfizer COVID-19 vaccines into E.H. and N.H., no COVID-19 vaccines existed that were approved for use in minor children under age 12.  Both E.H. and N.H. were well under the age of 12 years old at the time of the wrongful administration of the COVID-19 vaccines by Defendants.

**PARTIES**

5.      Plaintiffs are citizens and residents of the State of Kentucky, living in Louisville, Jefferson County, Kentucky.

6.      Defendant, CVS PHARMACY, INC. ("CVS"), is a foreign corporation doing business in the Commonwealth of Kentucky, with its principal place of business in Woonsocket, Rohde Island.

7.      Defendant, CVS HEALTH SOLUTIONS LLC ("CVS") is a foreign Limited Liability Company doing business in the Commonwealth of Kentucky, with its principal place of business in Woonsocket, Rohde Island, having a registered agent of CT Corporation System, 306 W Main Street, Ste. 512, Frankfort, KY 40601.

8.      Defendant, KENTUCKY CVS PHARMACY, L.L. C. ("CVS") is a Kentucky Limited Liability Company doing business in the Commonwealth of Kentucky, with its principal place of business in Woonsocket, Rohde Island, having a registered agent of CT Corporation System, 306 W Main Street, Ste. 512, Frankfort, KY 40601.

9.      This Court has jurisdiction over all Defendants because CVS does business in the Commonwealth of Kentucky, including the operation of the physical store location where the events that are the subject of this Complaint occurred, and by doing so has purposely availed itself of the laws of Kentucky.

10.     Plaintiffs, E.H. and N.H. suffered injuries.   The damages alleged by Plaintiffs exceed $75,000 and any other applicable jurisdictional limits of this Court. This Court has subject matter jurisdiction based on diversity 28 U.S. Code § 1332 as the amount in controversy exceeds $75,000.00 and Plaintiffs and Defendants have diverse citizenship.

11.     Venue is proper in this Court because the events complained of herein occurred in Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

12.     On October 5, 2021, Christiana Hobbs took her two minor children, E.H. and N.H.to the CVS Pharmacy located at 19575 Taylorsville, Road, Louisville, KY 40299, Store Number 6217.

13.     E.H. and N.H. were there for the purpose of receiving their annual flu shot.  They were not there for purposes of receiving any other vaccine or immunization.

14.     After E.H. and N.H. received their shots and waited for the appropriate time in the pharmacy area, they went home.

15.      The next morning, E.H. complained of pain in his leg.  By the time he got to school, it was hurting so badly that it was compromising his ability to walk.

16.     Later that day, Ms. Hobbs received a call from the CVS pharmacy.  She was informed that CVS had discovered that her minor children were both injected with the Pfizer COVID-19 vaccines instead of the flu shots they were supposed to received.

17.      CVS encouraged Ms. Hobbs to call E.H. and N.H.'s pediatrician immediately.

18.     Amy Thibault, corporate communications senior manager for CVS, provided a statement to a local news station wherein she admitted that "two minor patients inadvertently received COVID-19 vaccinations when they requested flu vaccinations."

19.     Both E.H. and N.H. have been injured suffering negative side effects and symptoms as a result of the wrongful COVID-19 vaccines.  They also now live with continuous concern, worry, and fear regarding what long-term effects they may suffer after receiving vaccines that were not approved for children their age.

20.     Plaintiffs have been severely traumatized, suffering great mental anguish and the potential for significant future medical expenses, pain and suffering, and impairment to labor and earn money.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Medical Malpractice - Medical Negligence

21.     Plaintiffs incorporate by reference and realleges all paragraphs previously alleged herein.

22.     The Defendants, by and through themselves, their duly authorized agents, servants and/or employees, undertook to examine, diagnose, treat, attend to, and care for Plaintiffs, E.H. and N.H.

23.     The Defendants presented to Plaintiffs as competent medical care providers adhering to the applicable standards of care at the prevailing time.  At all times relevant to this action, the Defendants represented they would use reasonable care and adhere to the applicable standards of medical treatment, diagnosis and care of Plaintiffs.

24.     The Defendants failed to exercise the degree of care and skill expected of a reasonably competent medical professional acting in the same or similar circumstance when rendering medical care to Plaintiffs. The Defendants failed to, neglected to and omitted to properly care, advise, treat, supervise, consult, prescribe, monitor, examine, test, and exercise the necessary skill and care expected of a reasonably competent physician or medical provider in the care and

treatment of Plaintiffs.  Specifically, Defendants failed to exercise the appropriate degree of care when they administered COVID-19 vaccines to minor children instead of the flu shot.

25.     The Defendants, through the doctrine of Respondeat Superior, were responsible for the actions, breaches, negligence, and etc. of their agents and employees who were acting in the scope of their employment/agency.

26.     As a direct and proximate result of the negligence and careless acts and omissions of the Defendants, Plaintiffs, E.H. and N.H. suffered and continue to suffer mental and physical pain and will likely suffer future medical expenses, pain and suffering, and impairment to their ability to labor and earn money.

## SECOND CLAIM FOR RELIEF

### Negligence

27.     Plaintiffs incorporate by reference and realleges all paragraphs previously alleged herein.

28.     The Defendants owed a duty of care to the Plaintiffs in providing the medical product and service requested by the Plaintiffs.

29.     The Defendants breached this duty when they carelessly and recklessly administered COVID-19 vaccines to E.H. and N.H. instead of the flu shots they were supposed to receive.  The Defendants, through the doctrine of Respondeat Superior, were responsible for the actions, breaches, negligence, and etc. of their agents and employees who were acting in the scope of their employment/agency.

30.     As a direct and proximate result of the negligence and careless acts and omissions of the Defendants, Plaintiffs, E.H. and N.H. suffered and continue to suffer mental and physical

pain and will likely suffer future medical expenses, pain and suffering, and impairment to their ability to labor and earn money.

### THIRD CLAIM FOR RELIEF
### Negligence Infliction of Emotional Distress

31.     Plaintiffs incorporate by reference and realleges all paragraphs previously alleged herein.

32.     The Defendants knew or should have known that a failure to exercise the degree of care and skill expected of a reasonably competent medical professional created an unreasonable threat to the health and safety of Plaintiffs.

33.     The Defendants knew or should have known that its acts and omissions involved an unreasonable risk of causing emotional distress that result in injury, illness and/or death.

34.     The negligent acts and omissions of the Defendants caused Plaintiffs to suffer severe physical and emotional injuries.

35.     The Defendants, through the doctrine of Respondeat Superior, were responsible for the actions, breaches, negligence, and etc. of their agents and employees who were acting in the scope of their employment/agency.

36.     As a direct and proximate result of the negligence and careless acts and omissions of the Defendants, Plaintiffs, E.H. and N.H. suffered and continue to suffer mental and physical pain and will likely suffer future medical expenses, pain and suffering, and impairment to their ability to labor and earn money.

### FOURTH CLAIM FOR RELIEF
### Battery

37.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

38.     The Defendants intentionally inserted syringes into the arms of E.H. and N.H. and injected the Pfizer COVID-19 vaccine.

39.     The administered COVID-19 vaccines were offensive to E.H. and N.H. as the Defendants had only received consent to administer the flu shot to E.H. and N.H.

40.     As a direct and proximate result of the battery of the Defendants, Plaintiffs, E.H. and N.H. suffered and continue to suffer mental and physical pain and will likely suffer future medical expenses, pain and suffering, and impairment to their ability to labor and earn money.


## FIFTH CLAIM FOR RELIEF

### Punitive Damages

41.     Plaintiffs incorporate by reference and realleges all paragraphs previously alleged herein.

42.     The acts of Defendants were grossly negligent, willful and wanton, malicious, and showed a total disregard for human life and human suffering. Based upon the acts alleged herein, Defendants knew or should have known, in light of the unknown and rapidly developing science regarding COVID-19 vaccines, especially the lack of any FDA approval for minor children at the time of the wrongly administering of the vaccines, that their conduct would naturally and probably result in injury and damage. Defendants nonetheless acted with malice and/or in reckless disregard of the consequences, from which malice may be inferred. Plaintiffs should be awarded punitive damages against Defebdabts, based upon the acts herein so as to punish Defendants and deter similar conduct.

WHEREFORE, Plaintiffs demands judgment against Defendants herein for the following:

a.      such an amount as will fairly and reasonably compensate Plaintiffs for their injuries set forth above,

b.      Leave to amend his Complaint as proof develops,

c.      for their costs herein expended including reasonable attorney fees,

d.      for pre and post-judgment interest,

e.      punitive damages,

f.      trial by jury, and

g.      for all other relief for which the Plaintiffs appear properly entitled.

Respectfully submitted,

**ALEX R, WHITE, PLLC**

 */s/ John K. Spalding  (95065)*_____
John K. Spalding
908 Minoma Avenue
Louisville, KY 40217
Ph: 502-882-7552
F:   502-585-3559
john@arwhitelaw.com
*Counsel for Plaintiffs*